UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

INGRID JEAN BAPTISTE CASE NO.

Plaintiff,

v.

AVIS BUDGET GROUP, INC., and
AB CAR RENTAL SERVICES, INC.

Defendants.
_________________________________ /

**COMPLAINT**

Plaintiff, INGRID JEAN BAPTISTE ("BAPTISTE"), by and through her undersigned attorney, sues Defendants, AVIS BUDGET GROUP, INC. ("ABG") and AB CAR RENTAL SERVICES, INC., ("AB") (collectively referred to as "Defendants") and alleges as follows:

**INTRODUCTION**

1. This is an action for damages, declaratory and injunctive relief by Plaintiff, BAPTISTE against Defendants under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and under the Florida Civil Rights Act of 1992 ("FCRA") for pregnancy discrimination. In addition, this is an action for damages for violation of the Family and Medical Leave Act ("FMLA") and for retaliation after BAPTISTE took protected maternity leave under the FMLA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and Title VII and the FMLA. The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendants maintain offices within this judicial district, and a substantial part of the events constituting the discrimination and retaliation claims took place within this judicial district.

## PARTIES AND EXHAUSTION OF REMEDIES

4. BAPTISTE is a female, *sui juris*, and, at all times material to this action, was a resident of Broward County, Florida.

5. Defendant, ABG, is a foreign corporation doing business in Florida at 600 Terminal Drive 3rd Floor, Fort Lauderdale, Florida 33315 in Broward County, Florida.

6. Defendant, AB, is a foreign corporation doing business in Florida at 600 Terminal Drive 3rd Floor, Fort Lauderdale, Florida 33315 in Broward County, Florida.

7. BAPTISTE has complied with all conditions precedent to jurisdiction under Title VII and the FCRA in that BAPTISTE filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") within 300 days of the unfair employment practices alleged in this Complaint; BAPTISTE has filed this suit within 90 days of receiving a Right to Sue notice from the EEOC; 180 days have elapsed since the Charge of Discrimination was filed with both the EEOC and the FCHR and FCHR has not issued a determination in that time period; and BAPTISTE is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory and retaliatory acts. Thus, all administrative prerequisites have been satisfied and this suit is timely filed. True copies of BAPTISTE's Charge of Discrimination and Notice of Right to Sue are attached as Exhibits A and B.

## GENERAL ALLEGATIONS

8. Defendants hired BAPTISTE in or about December 2011 as a full-time rental sales agent. BAPTISTE reported to Christian Fors ("Fors"), Scheduling Manager, and David Cherres ("Cherres"), the Airport Manager.

9. In and about 2012, BAPTISTE decided to go back to school and became a part-time employee of Defendants. As a part-time employee, BAPTISTE was assured four (4) days of work each week.

10. During her employment with Defendants, BAPTISTE performed her position satisfactorily and was not subjected to any formal disciplinary action.

11. In September 2013, BAPTISTE became pregnant and informed Fors and Cherres that she was pregnant. Throughout her pregnancy, BAPTISTE worked the regular four (4) day schedule that had been set for her.

12. BAPTISTE informed Fors and the Cherres that she would be taking Family and Medical Leave Act ("FMLA") leave when she was ready to deliver her baby. Initially, Cherres and the District Manager known as Todd told BAPTISTE that she would have to resign and that they would only provide her with 30 days of maternity leave and that she would have to return to work in 30 days or face termination. Later, BAPTISTE was approved for FMLA leave. In May 2014, BAPTISTE began her FMLA leave.

13. In July 2014, BAPTISTE advised Defendants that she was ready to return to work at her regular hours per week. On July 25, 2014, BAPTISTE returned to work. However, upon her return, Cherres reduced BAPTISTE's hours per week purportedly because business was "slow."

14. Defendants were hiring new full-time sales agents during the period of time that BAPTISTS'S schedule was reduced. Moreover, the other part-time sales agents, whom BAPTISTE has seniority over, continued to be scheduled 24 hours per week, despite the fact that Defendants were scheduling BAPTISTE to only 12 hours per week.

15. BAPTISTE complained to Fors, Cherres and the new District Manager, Brad Scott, that she wanted her hours back and was being treated differently than the other part-time sales agents who did not take maternity leave. Defendants did not correct the situation and until September 5, 2014, BAPTISTE continued to work only 12 hours per week. At that time, Defendants increased her hours per week, but only to 18 hours per week. BAPTISTE was never returned to her regular schedule, 24 hours per week, until October 30, 2014.

16. BAPTISTE contends that her hours were reduced in retaliation for taking FMLA leave; that it violated the FMLA requirements to return her to equivalent pay by reducing her hours; and that Defendants reason for reducing her hours (that it was "slow") was a pretext for pregnancy discrimination and FMLA retaliation.

17. Plaintiff has satisfied all conditions precedent to bringing this action or these conditions have been waived or otherwise excused.

18. Plaintiff has retained the undersigned attorney to represent her in this action and is obligated to pay said attorney a reasonable fee for his services.

## COUNT I
## Violation of FCRA (Pregnancy Discrimination)

19. This is an action for discrimination based upon BAPTISTE's pregnancy under the FCRA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

20. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-18 and incorporates the same herein by this reference.

21. Defendants violated the FCRA by discriminating against Plaintiff based upon her pregnancy by reducing her hours of work when she returned from maternity leave.

22. As a result of Defendants' violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, INGRID JEAN BAPTISTE, prays that this Court will Order Defendants to remedy the pregnancy discrimination of Plaintiff by:

a. Paying appropriate back pay;

b. Paying prejudgment and post-judgment interest;

c. Paying front pay in lieu of reinstatement;

d. Paying for lost benefits including medical insurance, pension and retirement plan;

e. Providing any other relief that is appropriate.

f. Enter an order against Defendant for compensatory damages;

g. Enter an order against Defendant for punitive damages;

h. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

**COUNT II**
**Violation of Title VII (Pregnancy Discrimination)**

23. This is an action for discrimination based upon pregnancy under Title VII with damages in excess of Fifteen Thousand Dollars ($15,000.00).

24. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-18 and incorporates the same herein by this reference.

25. Defendants violated Title VII by discriminating against Plaintiff based upon her pregnancy by reducing her hours of work upon return from maternity leave.

26. As a result of Defendants' violations of Title VII, Plaintiff has been damaged.

WHEREFORE, Plaintiff, INGRID JEAN BAPTISTE, prays that this Court will Order Defendants to remedy the pregnancy discrimination of Plaintiff by:

a. Paying appropriate back pay;

b. Paying prejudgment and post-judgment interest;

c. Paying front pay in lieu of reinstatement;

d. Paying for lost benefits including medical insurance, pension and retirement plan;

e. Providing any other relief that is appropriate.

i. Enter an order against Defendant for compensatory damages;

j. Enter an order against Defendant for punitive damages;

k. Grant Plaintiff costs and a reasonable award of attorney’s fees pursuant to Title VII.

**COUNT III**

**Violation of FMLA (Violation and Retaliation)**

27. This is an action for retaliation under the FMLA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

28. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-18 and incorporates the same herein by this reference.

29. BAPTISTE was an eligible employee of Defendants as defined by Section 2611 (2) (A) of the FMLA when she exercised leave rights for her pregnancy.

29. Defendants were an employer, pursuant to Section 2611 (4) of the FMLA, when BAPTISTE exercised leave rights for pregnancy.

30. BAPTISTE qualified for leave and benefits under the FMLA due to pregnancy.

31. Defendants violated BAPTISTE’s right to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment

pursuant to Section 2614(a)(1) of the FMLA. Defendants also violated Section 2615 of the FMLA by retaliating against BAPTISTE for exercising her rights under the FMLA by reducing her hours of work for taking FMLA.

32. The fact that BAPTISTE asserted her FMLA rights was a substantial motivating factor in Defendants' decision to treat her disparately upon her return to work on July 17, 2014 and to assign her to a reduced schedule of work hours while other employees, who did not exercise FMLA rights, were given more hours of work.

33. With regard to the unlawful retaliation described above and violation of the FMLA, Defendants acted willfully and in bad faith such that BAPTISTE is entitled to liquidated damages in an amount equal to her lost wages.

34. As a direct and proximate result of the actions of Defendants, BAPTISTE has suffered damages including lost wages, benefits and other compensation and interest thereon.

35. Moreover, BAPTISTE is entitled to recover liquidated damages pursuant to Section 2617 (a) (1) (A) and her attorneys' fees and court costs pursuant to Section 2617 (a) (3).

WHEREFORE, Plaintiff, INGRID JEAN BAPTISTE demands judgment against Defendants for compensatory damages including lost wages and benefits, liquidated damages, interest, court costs, attorneys' fees and for any and all other and further relief this Court deems just, necessary and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, INGRID JEAN BAPTISTE, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this 12th day of March 2017.

Respectfully submitted,

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
Telephone: (954) 894-3035
Facsimile: (954) 241-6585
E-mail: jauerbach@gallup-law.com

By: ***_/s/ Jacob Auerbach***
JACOB AUERBACH
Florida Bar No.: 084003

# EXHIBIT A

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[X] FEPA

[X] EEOC

**Florida Commission On Human Relations** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ingrid Jean Baptiste** | **(954) 756-5559** | **11/17/1989** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4160 Inverrary Drive Apt. #106** | **Lauderhill, FL 33319** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Avis Budget Group** | **20+** | **(954) 359-2429** |

| Street Address | City, State and ZIP Code |
|---|---|
| **600 Terminal Drive 3rd Floor** | **Fort Lauderdale, FL 33315** |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN

[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION

[X] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **07/14** | **10/14** |

[ ] CONTINUING ACTION

PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

In approximately December of 2011, I was hired as a full-time rental sales agent by Avis Budget Group ("Avis"). In 2012, I decided to go back to school, and as such, became a part-time employee scheduled to work four (4) days per week. During my employment with Avis, I have always satisfactorily performed my job duties and never received any significant disciplinary action.

In September 2013, I became pregnant and continued to work my usual schedule throughout my pregnancy. In May 2014, I went out on maternity leave. In July 2014, I contacted Avis to notify it that I was ready and able to return to my position with the company and resume my regular work schedule of four (4) days per week. Rather than place me back on my regular four (4) day per week schedule, Avis advised me that I was only scheduled to work two (2) days per week. Avis's reason for the reduction of days in my schedule was because business was "slow," however; I was the only part-time employee whose hours were significantly reduced even though I have seniority over many of the other part-time employees. I complained on multiple occasions regarding the reduction to my working schedule and that I felt I was being treated differently than other employees.

Shortly after I had made complaints and discussed same with my supervisors, Avis hired additional rental sales agents. This clearly demonstrates that Avis had sufficient client demand and could have placed me back on a four (4) day per week schedule as was the case prior to me taking maternity leave.

I believe that Avis violated the Pregnancy Discrimination Act and Title VII of the Federal Civil Rights Act, as amended, by subjecting me to adverse employment action (reducing my schedule) as a result of me taking maternity leave. I also believe Avis interfered with my rights under the Family and Medical Leave Act by denying benefits afforded thereunder and preventing me from returning to work upon the completion of my medical leave.

I want this charge filed with both the EEOC and the State or local Agency, if any. I

NOTARY – *When necessary for State and Local Agency Requirements*

will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

11-03-14 [signature]

Date | Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT [signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

MARSHANE PETERKIN
Notary Public - State of Florida
My Comm. Expires Dec 26, 2017
Commission # FF 79550

[signature] 11/3/14 Notorizing Signature only

# EXHIBIT B

EEOC Form 161-B (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Ingrid Jean-Baptiste
4160 Inverrary Drive, Apt.106
Lauderhill, FL 33319

From: Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2015-00576 | Latoya Allen, Investigator | (305) 808-1813 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice**. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

MICHAEL J. FARRELL,
District Director

JAN 03 2017
*(Date Mailed)*

Enclosures(s)

cc: Respondent

Suzanne Slawski, EEO Specialist
AVIS BUDGET GROUP, INC.
Legal Department
6 Sylvan Way
Parsippany, NJ 07054

Charging Party Attorney

Jacob Auerbach, Esq.
GALLUP AUERBACH
5521 N. University Drive, Suite 204
Coral Springs, FL 33067

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

## PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

# WHAT YOU SHOULD DO
# AFTER YOU HAVE FILED A CHARGE WITH EEOC

## ➢ *KEEP YOUR DOCUMENTS – BOTH PAPER AND ELECTRONIC*

Now that you have filed an EEOC charge, you must keep anything that might be evidence related to your charge. This includes *all* documents, communications, and electronic information that are potentially related to your EEOC charge, including the harm caused by the discrimination, and all records of your communications with the EEOC. Even if you are not sure whether the information is relevant to your discrimination claim, please do not throw it away or delete it.

### ➢ *WHAT INFORMATION MUST YOU KEEP?*

- **Paper documents**, such as:
  - Employee manuals, pay stubs, work schedules
  - Letters, memos, your notes
  - Pictures, drawings, charts, whether or not they contain words
- **Electronic information**, such as:
  - E-mails, text messages, tweets, and social media posts and pictures
  - Voice messages, video and sound recordings
  - Word processing documents, electronic calendar entries
- **Electronic memory on devices or the devices themselves**, such as:
  - Memory on computers, laptops, tablets, cell phones
  - Computers, laptops, tablets, cell phones
  - Do not delete, replace, alter, "wipe," or "clear" your computer hard drive, electronic tablet, or cell phone, and do not change or remove Internet posts, without retaining an electronic copy. If you dispose of any old computers, phones or devices, make sure you make and keep an electronic copy of all potentially relevant information on the device.
- These are some examples and not a complete list.
- If you have questions about what you should or should not do, please contact your investigator.

***Why must you keep this information?*** It might be evidence related to your charge. We are required by the courts to ensure that all potentially relevant information is retained. **Please note that failure to keep these records may cause you to lose your case, or to lose the right to recover money lost due to the discrimination.**

***What happens to your information?*** Your investigator will discuss with you what information is needed by the EEOC to investigate your charge. Information that you provide that happens to be private or personal in nature will not be disclosed by the EEOC during its investigation, and if the EEOC files suit on your charge, we will do our best to keep such information out of the court proceedings.

***Please see page 2 for additional important information.***

## ➢ *LOOK FOR WORK IF YOU ARE OUT OF WORK*

If you lost your job or were not hired due to discrimination, you may be entitled to the pay or wages you lost. However, you cannot receive lost wages unless you can show that you looked for another job to replace the one you lost or were denied due to discrimination. In order to prove you searched for work, you must keep copies of all letters, emails, or other evidence of your job search. If you succeed in finding a new job but it pays less than the job you lost, you may be entitled to the difference in pay. Therefore, it is necessary to keep all evidence of your job search even if you find another job.

In addition to looking for work, you should keep good records of your job search so you can prove that you have tried to find a comparable job. If you are out of work because of discrimination, be sure to save ***all*** documents and communications, including e-mails, relating to your job search.

## ➢ *WHAT ARE RECORDS OF YOUR JOB SEARCH?*

The following types of information can prove that you have tried to find work:

- copies of job applications and resumes
- a list of all the companies you contact about jobs by phone, letter or in-person
- copies of e-mails or letters that you send to or receive from companies where you have asked about work or submitted an application
- a list all of the places where you apply and for each one,
  a. the date of the application;
  b. the position you were seeking;
  c. the response you received from your application, such as rejection letters or invitations to interview;
  d. whether you were interviewed and the date of the interview;
  e. the results of the interview;
  f. whether you turned down a job offer, and if you did, why
- notes about what you did to look for work (for example, searching the newspaper or Internet or contacting employment agencies) and the dates that you conduct the search
- copies of your pay stubs or earnings records if you find another job.

If you have questions about what you are required to do, please contact your investigator.

## ➢ *KEEP US INFORMED*

Once you file a charge with the EEOC, you must tell us if you move or get a new address, telephone number, or e-mail address. We may need to talk to you to get more information. If the EEOC cannot reach you to get necessary information, your charge may be dismissed.

## ➢ *CALL IF YOU HAVE QUESTIONS*

Your investigator will discuss with you the documents and other evidence we need to investigate your charge. If you have any questions, or for inquiries about the status of your case, please contact your investigator directly or call 1-800-669-4000.